

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4516

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Li v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4516

YAN QIN LI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Eugene Pugliese
(No. A79-814-563)

Submitted Under Third Circuit LAR 34.1(a)
February 8, 2008

Before: MCKEE, AMBRO and ALDISERT, Circuit Judges

(Opinion filed February 21, 2008 )

OPINION

AMBRO, Circuit Judge

Yan Qin Li, a Chinese citizen born in 1983, entered the United States in Puerto Rico without valid entry documents in 2003. Upon her arrival, the INS served Li with a notice to appear. She conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture. She alleges that she endured economic persecution in China and that, upon her return to that country, would face further persecution as well as imprisonment and torture. After a hearing, the IJ found her not to be credible. The BIA rejected the IJ's adverse credibility finding, but adopted and affirmed the IJ's decision. Li petitioned our Court for review of the BIA's decision.[1] We deny that petition.

Li's account of her persecution stems from an incident that occurred on May 16, 1998. On that date, she testified, five officials from her home village of Changle City in Fujian Province sought to collect one thousand Chinese Yuan from her household for the construction of a government building. Li states that her family held the view that the government should fund its own projects. She contends, in the alternative, that her family resisted the request for money because it constituted extortion rather than a legitimate tax. For whichever reason, her father refused to pay. The family (including then fifteen-year-old Li) argued with the officials, who vaguely threatened retribution.

_____

[1] She challenges the BIA's denial of asylum and withholding of removal, but has waived any argument with respect to the CAT by not raising it in her opening brief to our Court. Fed. R. App. P. 28(a)(8)–(9).

2

Subsequently, the village government took three actions against Li specifically[2]—actions that she alleges are retaliation for her family's refusal to pay. First, government officials convinced the administration at her school to spread rumors about her. Second, the government refused to grant her a work certificate when her father fell ill. Third, after she found work in a toy factory, government officials encouraged her boss to criticize her performance at work and eventually to fire her. In response to these hardships, Li left China in December 2002. She traveled through Thailand and several other countries before arriving in Puerto Rico in January 2003, whereupon she received a notice to appear.

We have jurisdiction under 8 U.S.C. § 1252(a). Because the BIA adopted the IJ's decision but stated its own rationale, we review both the BIA's and the IJ's decisions. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review as well factual determinations for substantial evidence. *See Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004) (citing 8 U.S.C. § 1252(b)(4)(B)).

To establish eligibility for asylum, Li must show by a reasonable likelihood that she experienced past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(A) (referring to 8 U.S.C. § 1101(a)(42)(A)). We agree with the IJ that Li's past experiences are not the type of economic harms that our Court considers

---

[2] She also alleges that the government deemed her father's boat-pilot license to be expired or suspended as a retaliatory measure.

3

persecution. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir.1993) (stating that, for purposes of asylum, economic persecution must be so severe as to "constitute a threat to life or freedom"). She contends that the village government harassed and spread rumors about her, but not that they imprisoned her or threatened her life in any way. She did not experience past economic persecution under our Court's definition of the concept.

Establishing a well-founded fear of future persecution includes demonstrating both subjective and objective components to an asylum applicant's fear. *Abdille v. Ashcroft*, 242 F.3d 477, 495–96 (3d Cir.2001). Even taking Li's subjective fear as credible (as the IJ did not but the BIA did), we also agree with the BIA that she has not established the necessary objective component of a well-founded fear of persecution. She presented no evidence to suggest that the village government's treatment of her would worsen upon her return to China. Thus, she has not established a reasonable likelihood of future persecution.[3] Her asylum claim must fail.

As Li fails to meet the more lenient burden for asylum (a reasonable likelihood of persecution, which is less than a preponderance of the evidence), she *ipso facto* fails to

---

[3]Moreover, an asylum applicant must establish that the alleged persecution stems from a protected ground. 8 U.S.C. § 1101(a)(42)(A). Li alleges a threat to her life or freedom based on only one of the protected grounds listed in the statute: political opinion. But we agree with the BIA that Li has not shown that the village government punished her because of her family's political opinions. It is just as plausible, absent any corroborating evidence for her testimony, that the village government punished her family simply for failure to pay a legitimate tax. Therefore, Li has not established that the Chinese government would threaten her based on a protected ground.

meet the stricter burden for withholding of removal (more likely than not). *See Fadiga v.*

*Att'y Gen.*, 488 F.3d 142, 160–61 (3d Cir. 2007).

For these reasons, we deny the petition for review.